UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDGAR HERRERA,

                      Plaintiff,

    -against-

TRINITA PARETE LLC d/b/a AMPIA ROOFTOP
& GNOCCHERIA WALL STREET RESTAURANT,
MICHELE LULIANO, and ANISA LULIANO,

                      Defendants.
-----------------------------------------------------------------------X

**21 Civ. 7860**

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Edgar Herrera, on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Trinita Parete LLC d/b/a Ampia Rooftop and Gnoccheria Wall Street Restaurant ("Ampia & Gnoccheria"), Michele Luliano, and Anisa Luliano (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Throughout his employment as a food runner at Ampia & Gnoccheria, Herrera worked between fifteen and forty-two hours per workweek, but Defendants failed to pay him overtime wages for hours worked in excess of forty per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL"). Defendants unlawfully took a tip credit against Herrera's wages despite requiring him and other tipped employees to share portions of their tips with tip-ineligible employees, including a manager. Finally, Defendants failed to pay Herrera spread-of-hours pay for shifts that spanned over ten hours and failed to furnish him with wage notices and wage statements as required by law.

2. Plaintiff brings this action on behalf of himself, and all other similarly situated restaurant workers (the "Restaurant Workers") to recover from Defendants unpaid minimum and overtime wages, misappropriated gratuities, liquidated damages,

statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the FLSA, the NYLL, and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1367.

## VENUE

4. Venue is proper in this Court under 28 U.S.C. § 1391, because events giving rise to Plaintiff's claims occurred in Manhattan, within this district.

## THE PARTIES

**Plaintiff Edgar Herrera**

5. Edgar Herrera resides in Bronx County, New York.

6. Herrera worked for Ampia & Gnoccheria as a food runner from between approximately late September or early October 2019 to July 12, 2020.

**Defendant Trinita Parete LLC**

7. Trinita Parete LLC is a New York corporation that owns Ampia & Gnoccheria and is located at 100 Broad Street, 2nd Floor, New York, New York.

8. Ampia & Gnoccheria is a Mediterranean inspired rooftop and indoor restaurant that serves authentic Italian food.

9. In each of the three years preceding the filing of this Complaint, Ampia & Gnoccheria's annual gross volume of sales exceeded $500,000.

10. Ampia & Gnoccheria is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendants Luliano**

11. Defendant Michele Luliano is the chef and an owner of Ampia & Gnoccheria.

12. Defendant Anisa Luliano is an owner of Ampia & Gnoccheria. Anisa, along with Michele ("the Lulianos"), own seven other Italian restaurants in the New York City area.

13. Throughout Herrera's employment with Ampia & Gnoccheria, the Lulianos had the power and authority to hire and fire employees, discipline employees, set employees' schedules, set employees' wage rates, and otherwise control the terms and conditions of their employment.

14. Throughout Herrera's employment with Ampia & Gnoccheria, Michele was present at Ampia & Gnoccheria every day and directed the duties of all managers.

15. Throughout Herrera's employment with Ampia & Gnoccheria, the Lulianos delegated power and authority over certain personnel decisions to Ampia & Gnoccherias' managers, including manager Roberto Cangiano.

16. For example, the Lulianos delegated the authority to hire and fire employees to Cangiano, who hired Herrera.

17. The Lulianos, through Cangiano, set Herrera's work schedule.

18. The Lulianos, through Cangiano, supervised and directed Herrera's daily activities.

19. The Lulianos, through Cangiano, determined Herrera's wage rates.

20. The Lulianos, through Cangiano, distributed Herrera his wages.

21. The Lulinos decided that Restaurant Workers would share a portion of their tips with a manager.

22. For example, approximately in February 2020, Herrera and other Restaurant Workers complained to the Lulianos about Cangiano taking a portion of the tips. The Lulianos informed Herrera and other Restaurant Workers that they would fix the issue. However, Cangiano continued to take a portion of the tips.

23. The Lulianos exercised sufficient control over the operations of Ampia & Gnoccheria to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

24. Throughout his employment at Ampia & Gnoccheria, Herrera's primary duties included running food from the kitchen to customer's tables, waiting and cleaning tables, and cleaning the dining room, the bar, and the bathroom.

25. Defendants did not furnish Herrera or other Restaurant Workers with wage statements with each payment of their wages throughout their employment.

26. Defendants failed to furnish Herrera and other Restaurant Workers with a wage notice upon hire and whenever their pay rates changed informing them of their hourly wage rates, overtime wage rates, and the tip credit that Defendants purported to take against their wages, as required by the NYLL.

27. Defendants did not provide Herrera or other Restaurant Workers with spread-of-hours pay, *i.e.* an extra hour of wages at the full minimum wage rate, on the occasions that their workdays exceeded ten hours, as required by the NYLL.

**Edgar Herrera's Hours Worked and Wages Paid**

28. From between approximately late September or early October 2019 to January 2020, Herrera's schedule varied but he regularly worked between fifteen to twenty-five hours per workweek, three to four days per week, working one or both daily shifts from approximately 11:00 a.m. to 4:30 p.m. and 5:00 p.m. to 10:00 p.m.

4

29. For example, on the workweek of December 16 to 20, 2019, Herrera worked approximately 15.50 hours, with approximately 5.2 hours on December 17 and approximately 10.30 hours on December 20, 2019.

30. From approximately January 2020 to March 2020, Herrera's schedule varied but he regularly worked between thirty-six to forty-two hours per workweek, four to five days per week, working one or both daily shifts from approximately 11:00 a.m. to 4:30 p.m. and 5:00 p.m. to 10:00 p.m.

31. For example, on the workweek of February 24 to March 1, 2020, Herrera worked approximately 41.70 hours, with his shifts worked on February 27 and 28, 2020, being longer than ten hours each.

32. Throughout Herrera's employment, Defendants paid Herrera $10.00 per hour for all hours worked, including for hours in excess of forty per workweek.

33. Throughout Herrera's employment, Defendants required Restaurant Workers at Ampia & Gnoccheria, including Herrera, to share portions of their tips with tip-ineligible managers.

34. For example, on February 11, 2020, manager Cangiano received one point in the tip pool, for a total of $125.00 in tips.

35. For example, on February 29, 2020, manager Cangiano received one point in the tip pool, for a total of $159.00 in tips.

36. Throughout Herrera's employment, Cangiano had the power to hire, fire, schedule, and discipline Restaurant Workers and directed their daily work tasks.

**COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff brings this action on behalf of himself and all similarly situated Restaurant Workers who have worked with Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

5

38. The FLSA Collective consists of over twenty Restaurant Workers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

39. Throughout Plaintiff's employment, Defendants required Plaintiff and the FLSA Collective to share portions of their tips with tip-ineligible managers.

40. Throughout Plaintiff's employment, Plaintiff and the FLSA Collective have worked upwards of forty hours per workweek, have performed similar work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

41. Defendants are aware or should have been aware that the FLSA required them to pay Plaintiff and the FLSA Collective an overtime premium for hours worked in excess of forty per workweek.

42. Defendants are aware or should have been aware that the FLSA prohibited them from retaining portions of the tips given to Plaintiff and the FLSA Collective, including by requiring them to give portions of their tips to managers.

43. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

44. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Restaurant Workers can be readily identified and located through Defendants' records. The similarly situated Restaurant Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

45. Plaintiff incorporates by reference all previous paragraphs.

46. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half times his regular hourly wage rates per hour worked over forty per workweek.

47. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

49. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

50. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

51. Plaintiff incorporates by reference all previous paragraphs.

52. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiff one and one-half times his regular hourly rates of pay for all hours worked over forty per workweek.

53. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiff.

54. Defendants failed to pay Plaintiff overtime wages equal to one and one-half times his regular hourly rates of pay per hour worked over forty per workweek.

55. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

56. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(New York Labor Law – Unpaid Minimum Wages)**

57. Plaintiff repeats and incorporates all foregoing paragraphs.

58. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting NYDOL Regulations, including 12 N.Y.C.R.R. Part 146.

59. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for all hours worked weekly up to forty.

60. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because Defendants required Plaintiff to share tips with non-tipped employees, *i.e.* managers, and failed to provide Plaintiff with proper notice of their intention to take a tip credit against his wages.

61. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

62. As a result of Defendants' violations of the NYLL, Plaintiff has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## FOURTH CLAIM
### (Fair Labor Standards Act – Illegal Deductions from Gratuities)

63. Plaintiff incorporates by reference all previous paragraphs.

64. Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

65. Defendants required Plaintiff and the FLSA Collective to share a portion of the gratuities they received with managers.

66. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unlawfully retained gratuities, liquidated damages as provided for by the FLSA, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (New York Labor Law – Illegal Deductions from Gratuities)

67. Plaintiff incorporates by reference all previous paragraphs.

68. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

69. New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

70. Throughout Plaintiff's employment, Defendants required him to share a portion of the gratuities he received with employees other than bussers, servers, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations, including but not limited to 12 N.Y.C.R.R. § 146-2.14.

71. Defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting NYDOL regulations.

72. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of the gratuities paid by customers, Defendants have willfully violated NYLL, Article 6 § 196-d and the supporting NYDOL Regulations.

73. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his misapprpriated gratuities, liquidated damages as provided for by the NYLL, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SIXTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

74. Plaintiff incorporates by reference all previous paragraphs.

75. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts that spread over more than ten hours.

76. Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6, by failing to pay Plaintiff spread-of-hours pay.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SEVENTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

78. Plaintiff incorporates by reference all previous paragraphs.

79. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately reflecting his: rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

80. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

### EIGHTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Notices)

81. Plaintiff incorporates by reference all previous paragraphs.

82. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

83. Defendants failed to furnish Plaintiff at the time of hiring with a wage notice reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the overtime wage rate; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

84. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of $50.00 per day that the violation occurred,

up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. designating this action as a collective action on behalf of the FLSA Collective and authorizing the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. declaring that Defendants have violated the overtime provisions of the FLSA and the NYLL;

c. declaring that Defendants violated the tip misappropriation provisions of the NYLL and FLSA;

d. declaring that Defendants violated the minimum wage provisions of the NYLL and NYDOL Regulations;

e. declare that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

f. declaring that Defendants violated the wage statement and wage notice provisions of the NYLL and WTPA;

g. declaring that Defendants' violations of the FLSA and NYLL were willful;

h. awarding Plaintiff unpaid minimum wages and spread-of-hours pay;

i. awarding Plaintiff and the FLSA Collective unpaid overtime wages;

j. awarding Plaintiff and the FLSA Collective damages for misappropriated gratuities;

k. awarding Plaintiff and the FLSA Collective liquidated damages pursusant to the FLSA and the NYLL;

l. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and WTPA;

m. awarding Plaintiff pre- and post-judgment interest under the NYLL;

n. awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

o. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      September 21, 2021

                                      PECHMAN LAW GROUP PLLC

                                      By:   *s/Louis Pechman*
                                             Louis Pechman
                                             Gianfranco J. Cuadra
                                             Pechman Law Group PLLC
                                             488 Madison Avenue, 17th Floor
                                             New York, New York 10022
                                             Tel.: (212) 583-9500
                                             pechman@pechmanlaw.com
                                             cuadra@pechmanlaw.com

                                             *Attorneys for Plaintiff Edgar Herrera and the*
                                             *Putative FLSA Collective*