USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/11/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDGAR HERRERA,                                      :
                                                    :
          Plaintiff,                              :
                                                    :      **ORDER**
   -v-                                              :
                                                    :      21-CV-7860 (ALC) (JLC)
TRINITA PARETE LLC, *et al.*,                       :
                                                    :
          Defendants.                             :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

    WHEREAS, the parties in this wage-and-hour case participated in a court-ordered mediation and the final report of the mediator indicates that they have reached a settlement in principle (Dkt. No. 23);

    IT IS HEREBY ORDERED that the parties are directed to file a joint letter motion along with their fully executed settlement agreement **no later than April 11, 2022** to request court approval. The letter motion should be addressed to Judge Carter. Alternatively, the parties may agree to consent to my jurisdiction under 28 U.S.C. § 636(c) so that their settlement agreement may be reviewed by me. Consent forms are available on the Court website.

    The letter motion should explain why the proposed settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Should the parties consent to the undersigned's jurisdiction, they are directed to this Court's rulings in *Martinez v. Avalanche Construction Group Inc.*, No. 20-CV-11065 (JLC), 2021 WL 5001415 (S.D.N.Y. Oct. 28, 2021) (unreasonable restrictions on use of social media to publicize settlement stricken); *Cruz v. Relay Delivery, Inc.*, 17-CV-7475

(JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y. Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible); *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for further guidance as to permissible and impermissible terms.

    **SO ORDERED.**
Dated: March 11, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge